## JONATHAN ALLEN *against* MATHIAS FLOCK.

### IN ERROR.

If a jury, in an action of ejectment, find a verdict for the plaintiff, and that he shall pay the defendant a specified compensation for improvements, and make that a condition of the recovery, a judgment upon such finding would be erroneous. But if in such case the jury award a *just* compensation to the defendant for improvements, it is uncertain; and perhaps would not vitiate the part which is certain, the verdict being complete without it.

A verdict, in an action of ejectment, for the plaintiff, and which gives costs to the defendant, is bad, and would be reversed on error: but it cannot be treated as a nullity.

When damages, or costs, or both ought to be assessed, if the jury omit to assess either, the plaintiff may still make the verdict good, by releasing his right to either or both.

The waiver of a writ of error by the plaintiff, in this case, is, in effect, a waiver of costs.

ERROR to *Mercer* county.

This was an action of ejectment for a tract of land, brought by *Mathias Flock* against *Jonathan Allen* and *Thomas McCleary*, in which the following verdict was given: "We find for the plaintiff for his claim, according to his patent to the district line, and that defendants receive a just compensation for the improvements, up to the suit was entered; and the plaintiff pay all costs of suit."

The plaintiff's counsel moved the Court to enter judgment generally upon the verdict for the plaintiff: which was done.

The plaintiff taxed his bill of costs, and issued a *fi. fa.* therefor; when this writ of error was sued out.

*Pearson* and *Banks* for plaintiff in error

Contended that the execution was erroneous, that if the plaintiff below assented to the verdict he must accept of it as it was rendered by the jury.

*S. B. Foster* for the defendant in error.

In an action of ejectment a jury have no power over the costs; the plaintiff had a right to consider their finding in that particular as surplusage and treat it as such.

*Per curiam.*—So much of the verdict as awards a just compensation to the defendant for improvements, is uncertain; but perhaps it would not vitiate the part which is certain, the verdict being complete without it. *Cro. Car.* 219. 2 *Saund.* 208. 6 *Rep.* 57, *Dowdales' case.* But it would seem that if the compensation

(Jonathan Allen *v.* Mathias Flock )

had been specified and made a condition of the recovery, the judgment would have been erroneous.  *Collins* v. *Rush,* 7 *Serg.* & *Rawle,* 155.   But the verdict was clearly bad in giving costs to the defendant.  *Trials per pais,* 159. And the question is whether the plaintiff can disregard this, and take execution as if costs were found for him.   Where damages or costs, or both, ought to be assessed, if the jury omit to assess either,  the plaintiff may still make the verdict good by releasing his right to either or both.   2 *Lill. Abr.* 798.  Is not the waiver of a writ of error, in effect, a waiver of costs here?  The plaintiff might have reversed the judgment; but he was content to let it stand, and he must take it as it is.   In this, the verdict did not find a thing which was not in the issue, but a part of the issue erroneously, and it cannot be treated as a nullity.   The award of execution for costs was therefore erroneous.

Execution reversed.